UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: _____

| | |
|---|---|
| VICTORIA LEON, and other similarly situated individuals, | ) ) ) |
| Plaintiff(s), | ) ) |
| v. | ) ) |
| ASZ CARING HEARTS, INC., ASZ CARING HEARTS HEALTHCARE, INC., and KAYLON ADAMS, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, VICTORIA LEON ("Plaintiff") and other similarly situated individuals, sue the Defendants, ASZ CARING HEARTS, INC., ASZ CARING HEARTS HEALTHCARE, INC., and KAYLON ADAMS (collectively the "Defendants") and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE**

2. Plaintiff is a resident of Florida. She is a covered employee for purposes of the Act.

3. ASZ CARING HEARTS, INC., ASZ CARING HEARTS HEALTHCARE, INC. (the "Corporate Defendants") and KAYLON ADAMS (the "Individual Defendant"), are Florida



www.saenzanderson.com

companies and a Florida resident, respectively, having their main place of business Broward County, Florida, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Broward County, Florida.

4. The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise under the law. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

5. The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint employers. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

6. The Corporate Defendants share an office address, a mailing address, officers, and the same registered agent.

7. Each Corporate Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

**COUNT I: WAGE AND HOUR VIOLATION BY
THE CORPORATE DEFENDANTS (OVERTIME)**

8. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-7 above as if set out in full herein.

9. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid minimum and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29



U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

10. Section 206(a)(1) of the FLSA states: "[A]n employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce . . . ." On July 24, 2007, the Federal minimum wage was raised to $5.85/hr. On July 24, 2008, the Federal minimum wage was raised to $6.55/hr. On July 24, 2009, the Federal minimum wage was raised to $7.25/hr.

11. The FLSA provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the FLSA. 29 C.F.R. § 541.4.

12. In Florida, the minimum wage in 2021 was $8.65 from January 1, 2021, through September 30, 2021. Thereafter, the minimum wage was raised to $10 per hour.

13. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operate as organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over



state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees.

14. Upon information and belief, the annual gross revenue of each one of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum.

15. Alternatively, the combined annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

16. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are providers of home care services, and through their business activities, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a caregiver for the Corporate Defendants' business.

17. While employed by the Corporate Defendants, Plaintiff worked approximately an average of **84** hours per week without being compensated all her minimum wages or at the rate of not less than one- and one-half times the regular rate at which she was employed. Plaintiff was employed as a caregiver performing the same or similar duties as that of those other similarly situated caregivers whom Plaintiff observed working in excess of 40 hours per week without overtime or minimum wage compensation.



www.saenzanderson.com

4

18. Plaintiff worked for the Corporate Defendant from approximately December of 2020, through November 11, 2021.

19. In total, Plaintiff worked approximately **47** compensable weeks under the Act, or 47 compensable weeks if we count 3 years back from the filing of the instant action.

20. The Corporate Defendants paid Plaintiff on average approximately $480 per week.

21. However, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week. Corporate Defendants did not properly pay Plaintiff all her minimum wages either.

22. Plaintiff seeks to recover unpaid minimum and overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

23. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid minimum and overtime wages is as follows:

*MINIMUM WAGES*

   a. **Total Damages: $24,575.04**

      i. Through September 30, 2021 (41 weeks)

        $480/84 = $5.714 - $8.65 = $2.94 x 84 x 41 = $10,125.36

      ii. From September 30, 2021 (6 weeks)

        $480/84 = $5.714 - $10.00 = $4.29 x 84 x 6 = $2,162.16

        Total Actual Damages: $12,287.52

        Total Liquidated Damages: $12,287.52

        Total Minimum Wages Damages: $24,575.04



www.saenzanderson.com

*OVERTIME WAGES*

    a.    **Total Damages: $18,244.60**

        i.    Through September 30, 2021 (41 weeks)

        $8.65 x .5 x 44 x 41 = $7,802.30

        ii.    From September 30, 2021 (6 weeks)

        $10 x .5 x 44 x 6 = $1,320

        Total Actual Damages: $9,122.30

        Total Liquidated Damages: $9,122.30

        Total Minimum Wages Damages: $18,244.60

***TOTAL MINIMUM AND OVERTIME WAGES OWED = $42,819.64***

24.    At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid all of their minimum wages or time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

25.    The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime and minimum wages and remain owing Plaintiff



www.saenzanderson.com

and those similarly situated these overtime and minimum wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

26. The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime and minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime and minimum wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

27. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.



www.saenzanderson.com

7

## COUNT II: WAGE AND HOUR VIOLATION BY
## THE INDIVIDUAL DEFENDANT (OVERTIME)

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

29. At the times mentioned, the Individual Defendant was, and is now, the owner and/or main officer and director of the Corporate Defendants. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff's damages.

30. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act.

31. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

32. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.



www.saenzanderson.com

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

Dated: August 26, 2022.

Respectfully submitted,

**By: /s/ Julisse Jimenez**
Julisse Jimenez, Esquire
Fla. Bar No.: 65387
Email: julisse@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com